## Goodloe v. Goodloe.

April 27, 1943.

Jane Goodloe, pro se., for appellant.

William B. Gess for appellee.

Opinion of the Court by Van Sant, Commissioner—Affirming.

The appeal is from a judgment granting to the appellant $40 per month alimony and $60 per month maintenance for her infant sons. Appellant who is not an attorney has prayed the appeal and signed the brief. The brief consists of a tirade against her former husband and points to no evidence substantiating the contention that the allowance should be increased. Despite this fact we have concluded to examine the record, thus departing from our usual practice.

Appellee is a physician wholly engaged in the service of the Department of Public Health of the State of Kentucky and receives a salary of $300 per month. It is necessary for him to visit all parts of the state in the performance of his duties. When thus traveling he is reimbursed for his expenses to a limited extent. He is allowed 4½ cents per mile for the necessary use of his automobile, $2 per day for room rent, 35 cents for breakfast, 50 cents for lunch, and 50 cents for dinner. It is obvious that one in his position must incur more expense in traveling than is allowed by the department and his income to the extent of this excess is thereby reduced. In order that he remain eligible to hold his position it is necessary for him to belong to, and attend meetings of, certain professional associations. The membership dues and expenses incurred in attending the meetings amount to approximately $250 per year and must be borne by him without reimbursement. In the performance of his duties it is expedient for him to incur the expense of entertaining those with whom he transacts business, which expense is not defrayed by the department. Since the judgment has been entered he has remarried, thus legally incurring additional obligations. He is carrying policies of insurance, the premiums of which amount to $35 per month; payments on his automobile, which it is neces-

sary for him to use in his profession, amount to $35 per month. In order to keep informed of modern methods and scientific progressions in his profession, it is necessary for him to procure at his own expense current literature and textbooks as they may be published. He owns furniture worth approximately $175, against which there is a debt of $66, and his other property consists of books, clothing, an automobile, and a small radio. His debts amount to approximately $2,500, most of which were incurred to defray living expenses of him and appellant while he was a student in medical college.

Appellant would have us consider appellee's income to be enhanced by the money he receives from the department as reimbursement for his expenses in traveling; and asserts, although it is not substantiated by the record, that this amounts to $150 per month. Arguing that this amount should be added to his salary to determine his actual income, she asks this court to direct alimony and maintenance in the aggregate amount of $225 per month.

It is obvious that this method of calculation is erroneous. All of the expenses defrayed by the department are those which would not be incurred in ordinary living. Although appellee's grocery bills are no doubt slightly reduced by reason of his travels, such decrease will be offset by expenses incurred on the road for which the department does not reimburse him.

The payments on the purchase price of his automobile are no doubt offset by the mileage allowance above actual expenses of operation.

The insurance premiums are reasonable for one in his position in life and must be deducted from the gross to determine the net income. The dues and expenses incurred attending meetings of professional associations as well as the cost of professional books and periodicals are reasonable deductions. In order that he continue in his position and earn the money necessary to pay appellant any alimony and maintenance, he must maintain a standard of living in keeping with his station in life.

Taking these matters and conditions into consideration, we are of the opinion the allowance of $100 per month is as much as the "traffic will bear," and unless conditions change, it should not be increased.

The judgment is affirmed.